Sneed, J.,
delivered the opinion o/f the Court.
. The plaintiff brought his action of debt upon a bill single for five hundred dollars, executed by defendant, and payable to Henry Kelso, the plaintiff’s intestate. The defendant proved that Henry Kelso, the payee of the note, was a member of the 'firm of Kelso & McDonald, and under the plea of a set-off, offered in evidence a note of said firm, due and payable to himself, for the sum of three hundred and forty-one dollars. The production of the *203 note as evidence under the plea, was objected to by the plaintiff, and the objection was by the Court sustained. The verdict and judgment were for the plaintiff, and the defendant has appealed in error.
The question of law submitted, is, whether the defendant, under our statutes, can be allowed to set off a partnership liability against his individual debt.
There is much force in the argument of the defendant’s counsel, that the term “mutual demands,” as used in our statute, means the right of the defendant to sue and recover by cross action of the plaintiff as a principal his demand against him. And especially is this so in view of our statute by which all joint obligations and promises are made joint and several; and persons jointly or severally, or jointly and severally, bound, on the same instrument, may all, or any part of them, be sued in the same action. Code, 2787, et seq.
But a set off is not a cross action, but a mere substitute for it, and a thing unknown to the common law. According to the common law, mutual debts are distinct and unextinguishable, except by actual payment or release: 1 Rawle, 293. If the plaintiff, it is said, was indebted to the defendant in as much or even more than the defendant owed to him, yet the defendant had not any method of setting off such debt in the action brought by the plaintiff for the recovery of his debt: Selwyn, N. P., 573. The Euglish statute of 2 Geo. II, c. 22, s. 13, was the first statute of set-off of which we have any account, and it was enacted, it is .said, to prevent circuity of action or a bill in equity. By that statute it was pro *204 vided that, “when there are mutual debts between the plaintiff and defendant, or if either party sue or be sued as executor or administrator, where there are mutual debts between the testator or intestate and either party, one debt may be set against the other.”
By the statute of 8 Geo. II, c. 24, s. 4, the provision of the first statute was made perpetual; but as doubts arose as to whether debts of a different nature could be set-off, it ’ was provided further by the latter act that “mutual debts may be set against each other, notwithstanding that such debts are deemed in law to be of a different nature, unless in cases where either of said debts shall accrue by reason of a penalty contained in any bond or specialty.” These provisions were incorporated into the statute of North Carolina, of 1756, c. 4, s. 7, and they are the same that have come down to- us and are embodied substantially in our Code. It was long ago held in England that a joint demand can not be set-off against a separate one: 6 Bac. Ab., 136. And it was decided at a very early day in this State, that a joint demand can not be set off against a separate one because not a mutual demand within the Act of 1756, c.. 4, s. 7. And again a few years later, that a debt due to one of several parties can not be set-off against a demand due from them jointly. Blanks v. Smith, Peck R,., 186; Robertson & Gurry v. Talbot & Henly, 2 Yer., 258. And the precise point in this case was before the Supreme Court of Maryland, where it was held that a debt due to the defendant by a partnership of which the plaintiff is a member, can not be set-off against the separate claim of the plaintiff: Wilson v. *205 Keedy, 8 Gill, 197. And so it is held in Pennsylvania, that, in a suit against one member of a firm, it is not permitted to set-off a debt due the firm from the plaintiff. 2 Barr, 262.
There is an exception recognized in the authorities in favor' of a surviving partner, or where one member of the firm becomes the owner or has the exclusive right to settle and control the partnership effects. He may set off a debt of the partnership against a demand on him in his own right, for the reason that having the adjustment of the partnership business, he may release or compound ■the debts due the firm, or control them upon his discretion and responsibility. 5 Term Rep., 493; 6 Term Rep., 582;. 7 Watts, 465. The doctrine that excludes the right of set-off in the cases cited is founded on the idea that the mutuality contemplated by the statute of Geo. II. is wanting. And it rests upon sound reason when applied to partnership debts in view of the relation of ea,eh partner to the general creditors and the liens and liabilities which the law imposes upon the partnership effects. The mutuality of the law, then, is the reciprocal obligation of the parties to each other, while the relation of creditor and debtor.is mutual between them, each claiming in bis own right against -the other, whether the mutual debt be of a firm against a firm, or individual against another; or whether it be “between the testator or intestate of, both or either party.” That mutuality does not exist in this case; and although the defendant may have his action at law against either or both members of the firm or their representatives, *206 for the recovery of his debt, yet, for the want of this mutuality, he is deprived of this most convenient statutory remedy of set-off.
Let the judgment be affirmed.